# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00398-CV

**Elsie B. Kott, Appellant**

**v.**

**Clayton Herman Kott, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 05-9632, HONORABLE BENTON ESKEW, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant, Elsie B. Kott, appeals from a final decree of divorce that incorporated a mediated settlement agreement between herself and appellee, Clayton Herman Kott. Elsie[1] appeals from the decree, bringing three issues challenging the validity or enforceability of the underlying mediated settlement agreement: (1) the court lacked authority to order mediation; (2) the settlement agreement is so vague that it is incapable of implementation or enforcement; and (3) the settlement agreement is substantively unconscionable. We will affirm the judgment.

Of her three appellate issues, Elsie preserved only her substantive unconscionability complaint by raising it in the trial court. *See* Tex. R. App. P. 33.1. Regarding her single preserved issue, Elsie asserts that, by divorcing Clayton, she lost her medical coverage as the spouse of a

---

[1] To avoid confusion from the common surname, we will refer to the parties by their first names.

disabled veteran, that neither party had been aware of that implication under federal law when negotiating the mediated settlement agreement, and that she would not have agreed to the property division with that awareness. She urges that the property division, considering her loss of medical benefits, "became substantively unconscionable."

Section 6.602 of the family code provides that, in a suit for dissolution of a marriage, a mediated settlement agreement is binding on the parties if it "(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed." Tex. Fam. Code Ann. § 6.602(b) (West 2006). The parties' agreement here meets these requirements. Both parties signed the instrument, both parties' counsel signed it, and the agreement contained the following provision immediately above the signature lines (emphasis as in original):

15.    <u>BINDING AGREEMENT</u>

<u>THIS AGREEMENT CONSTITUTES A BINDING MEDIATED SETTLEMENT AGREEMENT. IT HAS BEEN REVIEWED BY BOTH PARTIES AND THEIR ATTORNEYS. **THIS AGREEMENT WILL BE FILED WITH THE COURT AND IS NOT SUBJECT TO REVOCATION.**</u>

The legislature has mandated that "[i]f a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 6.602(c). Thus, settlement agreements complying with section 6.602 are immediately enforceable, are not subject to repudiation by a party, and are binding on the trial court without condition of judicial

approval or determination of whether the agreement's terms are just and right. *See Cayan v. Cayan*, 38 S.W.3d 161, 164-66 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *cf.* Tex. Fam. Code. Ann. § 7.006 (West 2006).

On the other hand, courts of appeals, including this Court, have recognized some defenses to the enforceability of section 6.602-compliant mediated settlement agreements. *See Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 242 (Tex. App.—Austin 2007, pet. denied) (where mediated settlement agreement meets section 6.602's requirements, "it must be enforced in the absence of allegations that the agreement calls for the performance of an illegal act or that it was 'procured by fraud, duress, coercion, or other dishonest means.'") (quoting *Boyd v. Boyd*, 67 S.W.3d 398, 403 (Tex. App.—Fort Worth 2002, no pet.)); *see also Mullins v. Mullins*, 202 S.W.3d 869, 877 (Tex. App.—Dallas 2006, pet. denied) (appearing to assume that "mistake" or the absence of a "meeting of the minds" would be a ground for rescinding a mediated settlement agreement).

In the trial court, Elsie complained principally that the mediated settlement agreement was predicated upon mutual mistake. After executing the mediated settlement agreement but prior to entry of judgment, Elsie obtained new counsel and sought to set aside the agreement on the sole ground of mutual mistake. At the hearing on entry of the decree, Elsie gave brief testimony to the effect that she had been unaware that she would lose her medical coverage as the spouse of a disabled veteran and would not have agreed to the property division had she comprehended those implications.[2] During a short cross-examination, Clayton's counsel elicited Elsie's acknowledgment

---

[2] Elsie's sole direct testimony on this point was:

Q:    And in the mediation did you request to be awarded those benefits?

3

that she had been represented by counsel during the mediation, that the parties had an experienced mediator, and that the mediation had been "lengthy."[3] Elsie did not assert or present evidence that the agreement called for performance of an illegal act or that it was obtained through fraud, duress, coercion, or dishonesty. At the conclusion of the hearing, the trial court stated on the record that it "finds that the Mediated Settlement Agreement was the result of an arms-length negotiation, and represents their agreement, which will be accepted by the Court," and proceeded to render judgment on the decree.

Elsie subsequently filed a motion for new trial, re-urging her arguments regarding mistake. She added that the "the terms of the property settlement provision of the mediated settlement agreement is not a just and equitable division of the property of the parties unless

A:    No, because I had wanted to hand to my attorney papers stating what I wanted out of the divorce, and he wouldn't take it. So I got so flustered I didn't realize that we had not discussed my benefits being taken away if I got a divorce.

Q:    Now, I understand your major concern is with your medical benefits through the military.

A:    Yes.

Q:    And if you were to retain those, you would be glad to go along with this [property] division?

A:    Yes.

Q:    But if you were going to lose those rights, then would you like for the court to give you another opportunity to negotiate this property?

A:    Yes.

[3] The record elsewhere reflects that the mediation had lasted all or most of a day. Clayton's counsel also emphasized that it had been Elsie who first filed for divorce.

4

Mrs. Kott retains her military medical benefits and to require her to live with this 'bargain' would be unconscionable." This new trial motion was overruled by operation of law.

We conclude that Elsie's attempt to challenge the fairness, standing alone, of the terms of a mediated settlement agreement complying with section 6.602 has been foreclosed by the legislature. *See* Tex. Fam. Code Ann. § 6.602(c) ("If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law."); *Cayan*, 38 S.W.3d at 164-66 & n.8 (section 6.602 agreements are not subject to a just and right determination by the trial court; to conclude otherwise "would suggest that the trial court retains discretion to reject such an agreement, request the parties to negotiate a different agreement and, if necessary, set the matter for hearing," all contrary to section 6.602(c)); *see also Carson v. Carson*, No. 03-04-00521-CV, 2005 Tex. App. LEXIS 9250, at *3 (Tex. App.—Austin Nov. 4, 2005, no pet.) (mem. op.) ("To the extent that [the appellant] seeks to disturb the contents of the [mediated settlement] agreement on appeal, these issues are barred by statute and the language of the agreement.").

To the extent Elsie's appellate issue regarding "substantive unconscionability" encompasses her trial-level contention regarding mutual mistake, the evidence is legally and factually sufficient to support the trial court's implied findings that she failed to prove that defense.[4] *Mullins*, 202 S.W.3d at 877; *see also Carson*, 2005 Tex. App. LEXIS 9250, at *2-3 (rejecting

---

[4] Neither party requested written findings of fact and conclusions of law, and none were filed.

challenge that party "was not fully informed of the financial implications of the agreed upon distribution of property," observing that party was represented by counsel and the mediated settlement agreement "meets all statutory requirements to be binding on the parties"). We observe again that Elsie has not claimed that the mediated settlement agreement was the product of coercion, duress, or fraud.

For these reasons, we overrule Elsie's appellate issues and affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   February 29, 2008

6